# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form7instructions.pdf

**9th Cir. Case Number(s)** 22-55872

**Case Name** Mahendra Amin v. Don Winslow

**Counsel submitting this form** Seth D. Berlin

**Represented party/parties** Appellant Don Winslow

*Briefly describe the dispute that gave rise to this lawsuit.*

In September 2020, a whistleblower complaint accused Dr. Mahendra Amin of performing multiple medically unnecessary hysterectomies and other procedures on female detainees held in a Georgia facility by U.S. Immigration and Customs Enforcement ("ICE") and doing so without obtaining their informed consent. The whistleblower complaint to ICE was followed by multiple criminal and civil investigations and a civil lawsuit against Amin, ICE, and others by more than 40 women. The explosive allegations against Amin, who was described by one facility nurse as a "uterus collector," prompted several days of widespread news coverage and commentary.

Appellant Don Winslow, a bestselling author and frequent advocate for progressive political causes, watched news reports that included heart-wrenching interviews with the victims describing their treatment. After several days of that coverage, Winslow then did what millions of Americans do every day: he expressed his personal views on Twitter. He posted several tweets hyperlinking to the news coverage about the whistleblower complaint and investigations, and he conveyed his opinion that Amin's alleged conduct was both inexcusable and a byproduct of a presidential administration that viewed the mistreatment of immigrants and women as a badge of honor.

Amin sued Winslow over one--and only one--of Winslow's various tweets. That post harshly criticized Amin for performing "illegal hysterectomies" and "forced sterilization," called him a "BUTCHER," said that "This is a HORRIFIC CRIME," and criticized former President Trump and "@DHSgov" for the treatment of ICE detainees by Amin and others. Focusing on that sole tweet, and ignoring the context in which it was made, Amin filed a lawsuit against Winslow in the United States District Court for the Southern District of California. Amin's lawsuit asserts a single cause of action for defamation and, even though the tweet at issue followed days of widespread news coverage, seeks $15 million in damages from Winslow.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                 *Rev. 9/01/22*

*Briefly describe the result below and the main issues on appeal.*

Pursuant to California's anti-SLAPP statute, Cal. Civ. Proc. Code 425.16, Winslow filed a special motion to strike Amin's Complaint. The District Court ruled that Winslow satisfied the first prong of the two-part anti-SLAPP test, finding that that Winslow's commentary constituted an act in furtherance of his right of free speech. Turning to the second prong of the Anti-SLAPP test, the District Court concluded that Amin had demonstrated a probability of prevailing on the merits and denied Winslow's motion, finding that Amin had adequately pled a cause of action for defamation.

In doing so, the court rejected Winslow's arguments that: (1) like many posts on Twitter, including about Amin, Winslow's commentary constituted a protected expression of opinion, rhetorical hyperbole, and fair comment, (2) Winslow's opinions were based on widely known information, including as linked to in his earlier tweets, which were absolutely privileged descriptions of official proceedings, and (3) Amin failed to plead facts that, if proven, would constitute clear and convincing evidence of actual malice, as required as a public official responsible for prison medical care. The court found that the statements were not opinions, that the privilege did not apply to Winslow, and that Amin was not a public official for this purpose. The court also denied Winslow's request for judicial notice of various documents that provide context for the challenged statements, in violation of Ninth Circuit precedent.

Each of these determinations is legally erroneous and, taken in combination, would fundamentally alter free speech on platforms like Twitter.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

The district court has not issued a scheduling order, and any further proceedings below are properly stayed pending this appeal.

Amin has also filed a defamation action against NBCUniversal Media, LLC in the Southern District of Georgia, Case No. 5:21-cv-00056-LGW-BWC. In that case, Amin has challenged five MSNBC reports about the allegations in the whistleblower complaint. Defendant's motion for judgment on the pleadings is pending. Of all the news media reports and social media commentary about Amin, he has sued only two liberal commentators, Winslow and MSNBC.

The putative class action against Amin, ICE, and others is pending in the Middle District of Georgia. See Yanira Yesenia Oldaker, et al. v. Thomas P. Giles, et al., Case No. 7:20-cv-00224-WLS-MSH. The proceedings have largely been stayed while the government completes its investigation into Amin and the treatment of women in his care.

**Signature** /s/ Seth D. Berlin  **Date** 9/29/2022

*(use "s/[typed name]" to sign electronically-filed documents)*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

**Form 7**                                                                                                                      *Rev. 9/01/22*